Nichols, C. J.
John Fetter, a resident of Henry-county, Ohio, died testate in May, 1899, and by the terms of his will devised his property to his widow Margaret Fetter, in the language following:
“Second. I give, devise and bequeath to my beloved wife, Margaret Fetter, so long as she remains my widow, my entire property both real and personal, wherever it may be situated.
“I do further devise to my said wife, in case she may desire so to do, the power to sell any of my real estate and deed or deeds to the purchasers thereof execute and deliver and thereby convey any or all my real estate in fee simple to the purchaser or purchasers thereof and to their heirs and assigns forever.”
Controversy arose among contending parties as to the nature and extent of the estate of the widow Margaret Fetter in the real estate thus devised.
Both the court of common pleas and court of' appeals held that she took an absolute estate in fee simple.
We reverse these holdings and find her estate to be one for life only, and the reasons for this decision may be briefly stated thus:
By the first paragraph of the second item, heretofore set forth in the will, she took a limited life estate; that is, one continuing that long if she remained unmarried.
*430 The claim is made that the subsequent language in the second item, giving her the power “to sell any of my real estate and deed or deeds to the purchaser thereof execute and deliver,” enlarges the life estate into a fee simple.
The claim is further made that this view is emphasized and supported by reason of the fact that the will made no devise of the real estate in remainder; and the rule of construction is invoked, that no testator is to be presumed to die intestate as to any part of his property.
■The widow never exercised the power of selling any part of the real estate of which the testator died seized.
The authorities in Ohio as well as most of the sister states are clearly against the theory of enlargement of a life estate in lands by the annexing of an unlimited power of sale. There is nothing in the second paragraph of Item 2, giving the widow the right to use, consume or devise the proceeds of the real estate, if she exercised the right to sell.
Some third party might have been invested with the same power of sale. There is no language to be found enlarging the widow’s interest beyond an estate for life.
The instant case is not nearly so strong as Johnson et al. v. Johnson, 51 Ohio St., 446. There, the first part of the item gives the widow an absolute estate in fee simple; latterly, the item provides that if any of the property remained unconsumed at her death it should be equally divided between the brothers and sisters.
- Notwithstanding this, the court held that the *431 widow took but an estate for life with remainder to the brothers and sisters.
There, there was a reduction of an absolute estate in fee simple expressly devised; whereas, in the instant case, the widow is expressly devised but a life estate.
There is nothing in the will under consideration that would justify the holding that the intention of the testator was to give his widow an estate in fee simple. Such a construction would require the court to ignore the significant and express limitation in the will, that her interest in the property was to be circumscribed within the limit of her widowhood.
Abundant authority could be cited in support of our view. We will be content to quote from the language of Chancellor Kent, when he said: “We may lay it down as an incontrovertible rule, that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee; and the only exception to this rule is, where the testator gives to the first taker an estate for life only, by certain and express words, and annexes to it a power of disposal. In that particular and special case, the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion. This distinction is carefully marked and settled in the cases.” Jackson v. Robins, 16 Johns. (N. Y.), 537, 588.
We think the instant case comes squarely within the exception thus stated.
Therefore the judgments of the court of appeals *432 will be reversed, and the causes will be remanded to the court of common pleas of Henry county, with direction to proceed in accordance with this finding.

Judgments reversed and causes remanded.

Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.